UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ASHLOCK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF CALIFORNIA,<br><br>　　　　Respondent. | No. 1:16-cv-00762-LJO-MJS (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO PROSECUTE BASED ON FAILURE TO PROVIDE A CURRENT ADDRESS<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

　　　　Petitioner is a former state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He initiated this action on June 2, 2016, with a petition stating that he was incarcerated at the California Healthcare Facility. (ECF No. 1.) He challenged the May 19, 2014 judgment of the Merced County Superior Court, sentencing him to a five-year term for possession of a controlled substance with a firearm.

．　　　On June 6, 2016, the Court ordered Respondent to respond to the petition. (ECF No. 5.) On August 2, 2016, Respondent sought an extension of time. (ECF No. 13.) Respondent's motion was granted, and the Court's order was sent to Petitioner at his address of record. (ECF No. 14.) On August 19, 2016, the Court's order was returned as

1

undeliverable. Respondent proceeded to file an answer. (ECF No. 15.) Petitioner filed no traverse. The petition is pending review on the merits.

Local Rule 183(b) requires a party proceeding pro se to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

The Court has authority to dismiss an action for failure to prosecute and failure to follow court rules. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on this basis, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24;

2

Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, more than one year has passed since Petitioner's mail was returned, and Petitioner has not notified the Court of his new address. A review of the California Department of Corrections and Rehabilitation ("CDCR") Inmate Locator reflects that Petitioner is no longer in CDCR custody. There is no question that he is violation of Court rules and has failed to prosecute this action. Additionally, because the petition has been pending for a lengthy period, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the Court finds no less drastic alternative available. See Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. Petitioner was expressly informed of the requirement to apprise the Court of his current address (ECF No. 3), but failed to do so. Because of this failure, it is not possible for the Court to communicate with Petitioner or to explore any alternatives short of dismissal of the case.

Accordingly, it is HEREBY RECOMMENDED that the action be dismissed without prejudice for failure to prosecute based on petitioner's failure to provide a current address. The Clerk of Court is directed to close the case.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file

3

objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  November 7, 2017   /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE